UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>    v.<br><br>ROBERTO HERNANDEZ-HERNANDEZ,<br><br>              Defendant. | Crim. Case No. 10cr107 BTM<br>Civ. Case No. 11cv2354 BTM<br>                 11cv2355 BTM<br>                 11cv2358 BTM<br>                 11cv2360 BTM<br><br>**ORDER DENYING 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY** |
|---|---|

Defendant filed four habeas petitions pursuant to 28 U.S.C. § 2241 in the Central District of California. The Central District construed the petitions as motions brought under 28 U.S.C. § 2255, attacking the conviction and/or sentence imposed in Criminal Case No., 10cr107 BTM. The Central District consolidated the cases and transferred the § 2255 motions to this Court.

Defendant's § 2255 motions are barred by the Plea Agreement under which Defendant pled guilty in Crim. Case No. 10cr107. The Plea Agreement provided that Defendant's sentence was within the sole discretion of the sentencing judge and that Defendant understood that the sentencing judge may impose the maximum sentence provided by statute. (Plea Agreement § IX.) Defendant and the Government agreed that Defendant's Total Offense Level was 13. (Plea Agreement § IX.A.) The parties agreed that Defendant was free to request additional downward adjustments. (Plea Agreement § IX.C.) The parties reached no agreement as to Criminal History Category. (Plea Agreement §

IX.D.) Under the terms of the Plea Agreement, Defendant could not withdraw his guilty plea unless the Court imposed a custodial sentence greater than the high-end of the guideline range recommended by the Government pursuant to the Plea Agremeent. (Plea Agreement § IX.)

The Plea Agreement further provided: "In exchange for the Government's concessions in this plea agreement, *defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence* . . . unless the Court imposes a custodial sentence above the greater of the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this plea agreement at the time of sentencing. " (Plea Agreement § XII) (emphasis added).

The Government recommended a guideline range of 33 to 41 months based on the Adjusted Offense Level of 13 and a Criminal History Category of VI. (Gov't Sentencing Summary Chart (Doc. No. 39).) The Court sentenced Defendant to 30 months, which was below the guideline range recommended by the Government.

At the sentencing hearing, the Court confirmed that Defendant understood that he was waiving his right to collateral attack:

**The Court:** Have you waived your right to ever appeal and attack the sentence as part of the plea agreement in this case?

**The Defendant:** Yes.

A waiver of appeal and/or collateral attack of a conviction is enforceable if voluntarily made. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). If ineffective assistance of counsel renders the plea agreement containing the waiver involuntary, the defendant may appeal or collaterally attack his sentence. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that "a plea agreement that waives the right to file a federal habeas petition under 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver"). See also Pruitt, 32 F.3d at 433 (expressing "doubt" that such a waiver could be enforceable in a § 2255 context).

Defendant does not argue that his attorney was ineffective in advising him regarding

the Plea Agreement or that his plea was otherwise involuntary. Accordingly, Defendant is bound by the terms of the Plea Agreement and is precluded from mounting a collateral attack on his conviction and/or sentence. Defendant's motions are therefore denied.

Finally, even if the Court were to consider the merits of Defendant's motions, the motions would be denied because the motions are virtually incomprehensible and do not set forth any ground for relief.

### III. CONCLUSION

For the reasons discussed above, Defendant's motions to reduce sentence are **DENIED**. The Court **DENIES** a Certificate of Appealability. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: December 8, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge